1:21-cv-3081-JRS-TAB
1:21-cv-3082-JRS-MPB
1:21-cv-3083-JRS-MPB

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

Derek Boyd, Plaintiff,

V.   No. 1:21-cv-02359-SEB-DML

CIVIL COMPLAINT

Tricia Pretorius, Warden;

Jodie Dugger, Aramark Supervisor;

Robert Carter Jr., IDOC Commissioner;

Mr. Johnson, Aramark staff;

Muslim Officer, on duty during night of fight;

R. Gaskin, Internal Affairs;

Wexford of Indiana LLC, Mary E. Williams RN.

All defendants are sued individually and in their official capacity. At all times relevant to this Complaint all defendants acted under Color of State Law.

## I. JURISDICTION AND VENUE

1) This is a Civil action authorized by USC Section 1983 to redress the deprivation, under Color of State Law, of rights secured by the Constitution of the United States. The Court has Jurisdiction under 28 U.S.C section 1331 and 1343 (a)(3). All Plaintiff seek declaratory relief pursuant to U.S.C section 2283 and 2284 and Rule 65 of the Rules of Federal Civil procedure.

FILED
08/31/2021
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

www.PrintablePaper.net

2) The Southern District of Indiana, Indianapolis Division, is an appropriate venue under 28 USC Section 1391 (b)(2), because it is where the events giving rise to this claim occurred.

## II. PLAINTIFF

3) Plaintiff, Derek Boyd, is and was at all times mentioned herein a Prisoner of the State of Indiana. The incidents giving rise to this Complaint all occurred while incarcerated at Plainfield Correctional Facility.

## III. DEFENDANT'S

4) Tricia Pretorius, is and was at all times mentioned herein the Warden at the Plainfield Correctional Facility.

5) Jodie Dugger, was the Aramark staff member involved in this Complaint.

6) Mr. Johnson, was also employed through Aramark at all times in this Complaint.

7) Muslim Officer, IDOC staff, will be identified as this until further notice when he's identified in paperwork.

8) R. Gaskin, is IDOC Internal Affairs at Facility.

9) Robert Carter Jr. is IDOC Commissioner.

10) Wexford of Indiana LLC, was the Medical Provider at IYC. Nurse Mary E. Williams.

# III. FACTS

11) Plaintiff started employment through Aramark in February of 2021 at IYC Facility, identified as Plainfield Correctional Facility now. He was on P.M. Shift Count letter.

Through the course of this employment, the Aramark staff forced all P.M Kitchen workers to work from 9:30 A.M. to 7:00 PM usually, and only documented and paid for 6.5 hours. These unpaid undocumented hours took place on Saturday and Sunday's. The municipal practice and policies of the IYC Aramark staff and this Facility violate these rights of Plaintiff and others forcing labor without pay or threats of write-ups are used or enforced. The precise dates and extent of these injuries and who all is involved in this Class still are to be determined if no settlement is resolved. The Facility administration allows this conduct from staff.

12) In late March, Aramark staff Mr. Gathor, or "Mr. G", recommends increasing Plaintiff's pay to B-pay for the performance conducted while at work. This was approved by Jodie Dugger and Plaintiff was placed on Aramark and IDOC B-pay class consisting of 39.95 a month pay for 6 day a week labor at 6.5 hours per day. No contract was ever signed agreeing to free labor, nor was a salary negotiated by Defendant's and Plaintiff.

13) In early April 2021, while on the clock 4-5-21 for Aramark, an inmate named Samuel Martin-Shively confronted the Plaintiff about a Kosher tray. Plaintiff had requested Kosher Diet 1-23-21 but wasn't yet approved.

The inmate and initial aggressor approaches Plaintiff, causing his bodily waste from his mouth, or "Spit", to hit the Plaintiff's uncovered face as he's yelling and getting the bodily waste onto the Plaintiff. Mr. Johnson was right there as a witness.

14) After the Assault by bodily waste occurred, Plaintiff feared serious bodily injury, or death from Hep-C or AIDS, used a Defense of Justifiable reasonable force to stop the initial aggressor from further assault or injury. He was being verbally threatened by this initial aggressor too. Mr. Johnson sees all this and instead of help or stop anything or call for help, he walks away.

The larger 275 pound gang member managed to topple the Plaintiff as the Plaintiff slipped in State provided shoes not approved for work in Aramark Kitchen's. Causing severe neck pain and lower back injury never addressed by the medical provider. The Plaintiff overpowered the initial aggressor and stand's up injured as does the initial aggressor. The Plaintiff is told he hit's like a Bitch and is attacked again by the inmate coming at him with his head down when Plaintiff again using defense, then upper cut's the initial aggressor breaking bones in his right hand and the initial aggressor's nose. This all took place on the Kitchen serving line.

15) The IDOC shift change now occurs and the Muslim Officer, currently unknown for reason's explained shortly, find's Samuel Martin-Shively bleeding profusely all over where the food is served to IYC population. With all respect to Samuel, it is belleved he has hep-C. Creating a hazardous mess inside the food preparation area and serving line.

16) Mr. Johnson is in hiding or no where to be found, but the Muslim Officer, call's a signal to have Samuel taken to medical. He goes to view the video evidence and see's Samual made a false report initially claiming he fell and broke his nose. This Officer witnesses Aramark staff Mr. Johnson walk off and contribute to the serious threat of the Plaintiff's health and safety. Resulting in serious bodily injury. Now IDOC staff confirm a fight occurred.

17) The Muslim Staff, unidentified so far for his failing to provide an incident report to Plaintiff and so did the rest of administration, call's a signal and multiple Officer's come escort Mr. Shively to the Hospital. A knuckle and torso check is then standard.

The Muslim staff member requires all Aramark IDOC inmates go to south-side dining hall while blood is being cleaned up by other inmate clean up crew. Plaintiffs' located with bleeding hand and broken bone.

Now medical is given to Plaintiff and he is escorted by other night shift Officer's to medical building. A medical review was given and Wexford Nurse Mary was told bone was broken upon arrival. He informed of injured back and of the physical altercation. Confirming to the Facility staff indeed a fight occurred. Now the medical staff, Aramark staff and IDOC staff know what's happened. No wrap or treatment for multiple day's from the Wexford Provider. On 4-7-21 X-ray is given and the confirmation of broken bone. On 4-7-21 a splint is given to Plaintiff and pain medicine. The 3 day delay treating broken bones resulted in deliberate indifference. An Officer escorted both defendants for a 2 hour cool down period standard after clearance from medical after a fight. Following IDOC Policy.

Upon review of the medical documents from 4-5-2021, Nurse Mary E. Williams does confirm Plaintiff indicating a Pain level on a scale of 1 to 10 a rating of 7. It verifies also informing this Registered Nurse of injury due to a physical altercation. Yet on restrictive housing screening "No inmate encounter," is noted. This is falsifying reports to cover up the incident. Her document notes on Objective screening on the report "Yes" to 5 symptoms, or Tenderness, Weakness, Gait (WNL), Sensation intact, Palpable distal pulses.

She claims "No" on Spasms, Range of Motion (WNL), Discoloration, warm to touch, Tingling, Numbness, Swelling.

Mary documents offender presents to clinic for c/o pain to right hand due to a physical altercation, right knuckles are redden and mild swollen, possible dislocation of one knuckles, laceration also noted will refer to MDSC.

Her Assessment: Alteration in comfort related to: bruising/contusion, strain/sprain.

This ignored obvious conditions apparent upon arrival bone was broken. This misdiagnozed broken bone delayed a splint being placed on the Plaintiff's injury. The delay in providing treatment for a broken bone caused extreme pain and suffering to save this defendant time and it amounts to deliberate indifference. Her reports contradict themself. This is multiple incidents recently resulting in serious injury I.A. didn't investigate. She failed to investigate enough to make an informed medical judgement and delayed treatment for 3 days until date 4-7-21. This knuckle was gone and it still is. It caused this injury to cause excessive pain not immediately immobilizing the broken bone. This Provider has a practice or policy to downplay actual injury to cut cost and save time.

18) No incident report is ever produced or no write-up. The broken bone not being splinted immediately caused pain and suffering multiple extra days. It has extreme pain as Plaintiff writes. The knuckle is gone. Injury is permanent. The Internal Affairs fail's to investigate any of this it's believed. The municipal practice and policies of Wexford of Indiana LLC and of this Facility violated his Civil Rights. No treatment is ever provided for the lower back injury. The Warden and Internal Affairs are being held liable for these conditions of confinement.

19) The Facility allowing the staff mearly wipe up blood on the serving line instead of actually calling in a cleaning crew to sanitize the area falls on Aramark's municipal practice and policies violating Civil Rights. R. Gaskin failed to investigate any of these known issues with Aramark or administration.

20) Jodie Dugger falsifies a performance report days after, back dating the sheet to 4-3-2021. This is inconsistant with a pay raise 2 weeks prior from the PM shift supervisor for Aramark Mr. Gather. This discriminated Plaintiff by the falsification of his work history report. Robert E. Carter fails to investigate his facilities practices/policies.

21) The Facility failed to investigate this incident or follow due process for Plaintiff to seek relief. The administration covered up not properly sanitizing the kitchen or providing adequate care for these involved inmates. Plaintiff's injuries could have been avoided had conditions of confinement been different. The staff for Aramark failed to protect worker's on the job or the population failing to sanitize the bloody serving line. It's all bad.

## IV. EXHAUSTION OF LEGAL REMEDIES

22) A grievance restriction on Plaintiff on 1-15-21 to 4-14-21 prevented use of the Grievance procedure. Compliance with the PLRA is met without the process available to the Plaintiff. This Facility allows this grievance coordinator abuse his position and authority.

23) A Tort claim's been filed too concurrently with the filing of this Complaint. It's also provided as Exhibit-A attatched to the Complaint.

## V  LEGAL CLAIM'S

Plaintiff ask's Court to proceed with following Claim's:

- 8th Amendment Condition's of confinement or failure to protect claim's on all applicable defendant's. Resulting in permanent serious injury, broken bones.

- 14th Amendment Due Process or Equal Right's claim's against all applicable Defendant's.

- 1st Amendment Retaliation claim's on Jodie Dugger for falsifying performance sheet to illegally fire Plaintiff. This may fall under 14th Amendment claims.

- 8th Amendment deliberate indifference claim's on Wexford for not providing medical attention for 3 day's then nothing ever for back and neck pain. This ignored obvious condition's, delaying treatment.

- 8th Amendment claim's on Muslim Officer's, Warden, and Jodie and Mr. Johnson for not following IDOC Policies or Aramark's, resulting in complication's from injuries, preventing relief, deliberate indifference.

24) Plaintiff and other's who may qualify in this Class, has no plain adequate or complete remedy at law to redress the deprivation of Civil Right's addressed herein. They have been and will continue to be irreparably injured by the conduct of the defendant's unless the Court grant's the declaratory relief the Plaintiff seeks. There likely is thousand's of other's to be added to this lawsuit.

## VI. PRAYER FOR RELIEF

WHEREFORE, all Plaintiff respectfully pray this Court enter judgement:

25) Granting all Plaintiff a declaration these act's and omission's described herein violate right's protected under law's and Constitution of the United States of America and the law's and Constitution of the State of Indiana.

26) Grant Plaintiff $ 2,500,000.00 in compensatory damages against each defendant jointly and severally.

27) Grant Plaintiff $ 2,500,000.00 in Punitive damages jointly and severally against each defendant.

28) Plaintiff's all seek Jury Trial on all issues triable by a Jury.

29) Plaintiff seek's recovery of all fee's or cost's associated with this suit.

www.PrintablePaper.net

30) Any additional relief this Court deems just, proper or equitable. The forced labor without any pay under threat of punishment may be severed into another lawsuit.

Date: 8-23-2021

Respectfully Submitted,

Derek Lee Boyd-273507

VERIFICATION

I have read the foregoing Complaint, and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I Certify under the Penalty of Perjury that the foregoing information is true and correct. I fully intend to Certify some of these claims Class Action.

Executed at Plainfield Correctional Facility located in Plainfield, Indiana 46168 on 8-23-2021.

Derek Lee Boyd pro se

The proposed medical malpractice claim herein from negligent Wexford of Indiana municipal practice and policies is concurrently being sent to the Indiana Political Management Risk Assessment Subdivision located at 311 West Washington Street, Suite 300, in Indianapolis, Indiana 46204, for review.

## VERIFICATION

I, Derek L. Boyd, *pro-se*, herein affirm under the penalties for perjury that the above and foregoing representations are true and correct.

Derek Lee Boyd
Derek Lee Boyd
IYC - Facility
727 MOON Road
Plainfield, Indiana 46168

## CERTIFICATE OF SERVICE

I hereby certify the foregoing legal documents were mailed from Plainfield Correctional Facility on or about the day of filing to all involved parties. The documents were mailed by U.S.P.S, or E-Filed to all parties.

Sent to: Clerk of Federal Court
105 U.S Courthouse
46 East Ohio Street
Indianapolis, Indiana 46204

Date: _____