UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DEREK BOYD,                          )
                                     )
                 Plaintiff,          )
                                     )
          v.                         )        No. 1:21-cv-03083-JRS-MPB
                                     )
JODIE DUGGER, et al.                 )
                                     )
                 Defendants.         )

**ENTRY GRANTING MOTIONS FOR LEAVE TO
PROCEED *IN FORMA PAUPERIS*, DISMISSING AMENDED COMPLAINT,
AND DIRECTING FURTHER PROCEEDINGS**

The Court created this action when it severed numerous claims misjoined in one complaint. This action is based on Derek Boyd's allegations regarding a failure to properly clean up blood following a fight at Plainfield Correctional Facility (PCF).

In this entry, the Court grants Mr. Boyd's motions for leave to proceed *in forma pauperis* and screens his amended complaint pursuant to 28 U.S.C. § 1915A. Because the action consists of one claim, and because it is frivolous, the Court dismisses the amended complaint and directs Mr. Boyd to show cause why the action should not be dismissed.

**I. Motions for Leave to Proceed *In Forma Pauperis***

Mr. Boyd's motions to proceed *in forma pauperis*, dkts. [3] and [7], are **granted** to the extent that he is assessed an initial partial filing fee of $2.80. *See* 28 U.S.C. § 1915(b)(1). Mr. Boyd will have **through February 28, 2022**, to pay this sum to the clerk of the district court.

After the initial partial filing fee is paid, he will be obligated to make monthly payments of 20 percent of the preceding month's income each month that the amount in his account exceeds

$10.00, until the full filing fee of $350.00 is paid. 28 U.S.C. § 1915(b)(2). After the initial partial

filing fee is received, a collection order will be issued to the plaintiff and the plaintiff's custodian.

## II. Screening

Because Mr. Boyd is a prisoner, the Court is obligated to screen his complaint. 28 U.S.C.

§ 1915A.

### A.    Screening Standard

The Court must dismiss the complaint, or any portion of it, if it is frivolous or malicious,

fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from

such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court

applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6).  *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a
> claim for relief that is plausible on its face.  A claim has facial plausibility when
> the plaintiff pleads factual content that allows the court to draw the reasonable
> inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court construes Mr. Boyd's pro se pleadings

liberally  and  holds  them  to  a  less  stringent  standard  than  formal  pleadings  drafted  by

lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### B.    The Complaint

The defendants in this action are Jodie Dugger, who was a food-service supervisor at PCF,

and Richard Gaskin, who was an investigator there. Mr. Boyd's claim against them is based on the

following allegations.

While Mr. Boyd was working in the food-service line, he became involved in a fight with

another inmate. Mr. Boyd believes the other inmate had hepatitis C, and they both bled in the food-

service area. Mr. Boyd was removed from the area and taken to the medical building. The food-

service staff did not adequately sanitize the area, and Mr. Gaskin failed to investigate the staff's failure to adequately sanitize the area. *See* dkt. 2 at ¶¶ 19, 21.

## C.   Analysis

"[T]here is no tort without an actionable injury caused by the defendant's wrongful act." *Fields v. Wharrie*, 740 F.3d 1107, 1111 (7th Cir. 2014). This is true "even in the field of constitutional torts." *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982).

No allegations in the complaint support a reasonable inference that Mr. Boyd was injured by the staff's failure to sanitize the area after Mr. Boyd's fight or Mr. Gaskin's failure to investigate the allegedly inadequate cleanup. Mr. Boyd does not allege that he came into contact with the other inmate's blood or became ill due to inadequate cleanup. Indeed, he alleges that he was removed from the area and taken to the medical building.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff pursues a frivolous claim by suing for "infringement of a legal interest which clearly does not exist." *Id.* at 328. Mr. Boyd may use this Court to seek justice for injuries he has suffered due to others' wrongdoing. He may not use it to complain about missteps or shortcomings that have not affected him personally.

## III. Conclusion and Further Proceedings

Mr. Boyd's motions to proceed *in forma pauperis*, dkts. [3] and [7], are **granted** to the extent the extent discussed in Part I. Mr. Boyd will have **through February 28, 2022**, to pay his initial partial filing fee as directed in Part I.

Mr. Boyd's complaint, dkt. [2], is **dismissed** as **frivolous**. Mr. Boyd will have **through February 28, 2022**, to file an amended complaint or show cause why the Court should not dismiss this action and enter final judgment.

If Mr. Boyd files an amended complaint, it must correct the deficiencies discussed in this entry. It must include the case number associated with this action, no. 1:21-cv-3083-JRS-MPB. It will completely replace the original complaint, and it will be screened pursuant to § 1915A, so it must include all defendants, claims, and factual allegations Mr. Boyd wishes to pursue in this action.

Failure to comply with these orders in the time provided may result in dismissal of this action without further warning or opportunity to show cause.

**IT IS SO ORDERED.**


Date:   1/31/2022

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana




Distribution:

DEREK BOYD
273507
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168